## XV.

### REPUBLIC OF TEXAS v. MUMFORD, ALIAS WHITE.

*Bigamy.*

JONES, JUSTICE.—This case came up from the District Court of Robertson County on the two following points, reserved by Justice Mills under the forty-third section of the act organizing the district courts, for the decision of the Supreme Court.

First.   Whether a marriage by bond was such a marriage as would support an indictment for bigamy.

Second.   That White, the original husband, could not be introduced to prove the loss of the original marriage bond.

As it is unnecessary here to decide whether a marriage by bond, as authorized by the laws of the general council, is valid or not, it will be sufficient ground for the court in disposing of this case to determine that the admission of the testimony of the husband to prove the loss of the marriage bond was erroneous, it being evidence against her who was prosecuted and claimed as his wife.   There being no record, or other proof of the marriage produced before the jury in the district court, the judgment below is reversed and the prisoner ordered to be discharged.

*Reversed.*

## XVI.

### WHITEMAN v. GARRETT.

*Appeal from San Augustine County.*

RUSK, CHIEF JUSTICE.—This was an appeal taken from the District Court of San Augustine County.   The suit of the plaintiff in the court below was instituted upon a bond to pay money on the part of defendant, and to make title to certain lands on the part of plaintiff.

The court is of opinion that the agreement under seal on which suit was brought in the district court is a bond of mutual obligations, compelling the defendant to pay certain moneys, upon the payment of which the plaintiff bound himself in the penalty of $8000 to make title to certain lands.   An action will lie to compel a specific performance of the contract on the part of Garrett.   The judgment of the district court is affirmed with costs.

*Affirmed.*

---

August 1, 1836, and who had received an honorable discharge, did not give officers and soldiers whose families resided out of Texas the same quantity of land, as to colonists whose families resided in Texas.  Grooms v. State, 1 T., 568; Hill v. Kerr, 78 T., 213.  Grants provided for by the Constitution of the Republic and Act of December 14, 1837, applied only to citizens who were in Texas.  Republic v. Inglish, Dal., 608; Creth v. Republic, 1 T., 83. A colonist was not entitled to a grant as head of a family, unless his family was resident in Texas.  Land Commrs. v. Reily, Dal., 381; Land Commrs.